PONDER, Justice.
The plaintiffs have appealed from a judgment denying their demand to revoke an interlocutory decree of adoption granted in favor of the defendants.
Ophelia Horton was born out of wedlock on June 28, 1950, to Ophelia Pourceau, who at the time was living with L. A. Horton. The mother of the child, Ophelia Pourceau, died a short time after her birth and her natural father, L. A. Horton, formally surrendered the child to the State Department of Public Welfare on July 17, 1950, by an act of surrender duly executed in accordance with Act 227 of 1948, LSA-R.S. 9:401 et seq. The Department of Welfare, through an authorized representative, accepted the surrender of the child on the same day. On April 10, 1951, the child being then ten months old, the Department of Welfare placed her in the home of the plaintiffs, Mr. and Mrs. Renard, under a foster home arrangement contract, wherein *307 it was agreed that the Renards were to be compensated monthly for the care of the child and that the Renards could not adopt the child. In June of 1953 a similar contract was entered into between the Welfare Department and the Renards wherein the monthly compensation was increased. Some time in 1953 the Renards expressed their desire to adopt the child to a case worker of the Department of Welfare. They again expressed this desire to a representative of the Welfare Department in 1954 when they were informed that they were not eligible under the foster home agreement to adopt the child. On June 14, 1954, the Department of Welfare secured a decree in the Fifteenth Judicial District Court, sitting as a Juvenile Court, for the Parish of Vermillion, declaring Ophelia Horton an abandoned child and decreeing the child available for adoption. The child was removed from the home of the Renards on December 6, 1954 and placed with the Amorellos for the purpose of adoption, the Amorellos having made formal application to the Department of Welfare for the adoption of a child some two years previously. On December 16, 1954, the Amorellos instituted proceedings in the Family Court for the Parish of East Baton Rouge for the adoption of the child and after all of the requisites of law had been satisfied, an interlocutory decree of adoption was entered in their favor on January 28, 1955.
The Renards instituted this suit in March, 1955, for the revocation of the interlocutory decree, for custody of the child and asked to be allowed to adopt her. The child had resided in their home some three years and eight months at the time she was removed. It appears that the Renards became very much attached to the child, that the child regarded them as her father and mother and that they were apprehensive that the removal of the child would upset her and injure her mental and physical health.
The Amorellos interposed an exception of no cause or right of action based on the ground that the Renards have no legal right to the custody of the child. The Renards contend that they have a right to institute this action as persons interested in the child under the provisions of LSA-R.S. 9:431 and that it is for the best interest of the child that she be placed in their custody and that they be allowed to adopt her.
It appears from the evidence that both the Renards and the Amorellos are persons of moral fitness and above reproach. The Renards are not educated people and of extremely modest circumstances. The Amorellos are persons of financial means, living in a nice home in an ideal community. It appears that both families are greatly attached to the child.
 Adoption is a creature of statute and only what the law makes it and must be established strictly in accordance with the statutory requirements. Green v. Paul, 212 La. 337, 31 So.2d 819 and the authorities cited therein. The statutory requirements have been complied with fully in this case. *309 The act of surrender in favor of an accepting agency gives the irrevocable control and ■custody of the child to that agency with the privilege of placing it for adoption. Ball v. Campbell, 219 La. 1076, 55 So.2d 250.
The Renards contend that what is for the best interest of the child should govern in this case. They take the position that the ■child regards them as her mother and father .and that it would be detrimental to her welfare if they were not permitted to regain her custody.
The Department of Welfare was •delinquent in allowing the child to remain -with the Renards for such a long period of time before placing it for adoption and had they expeditiously placed this child for ■adoption the present litigation might not have ensued. While the Department of Welfare is given great latitude in the placing of children for adoption it is nonetheless subject to judicial restraint in cases of •abuse of its powers. While it appears from the evidence that the child was upset when ■it was taken from the Renards and placed with the Amorellos yet it has remained, because of protracted litigation, with the .Amorellos for more than a year and they :also are greatly attached to her. The thing that gives us the greatest concern is whether or not it would be to the best interest of 'the child to take her away from the Amor•ellos and return her to the Renards. Evidently the trial judge took into consideration these facts in arriving at his conclusion and wc are not prepared to say that he is in error in his ruling. We are loathe to uproot this child again from her present surroundings since there is no means for us to know that she has not become adjusted to them. This child will be under observation of the Welfare Department and the Family Court up until the final decree of adoption and we feel confident that her welfare will be amply protected by them.
For the reasons assigned, the judgment is affirmed at appellants’ cost.